## MURPHY v. INDIA TIRE & RUBBER CO.
### No. 10489.

Court of Civil Appeals of Texas. Dallas.
April 23, 1930.

Rehearing Denied May 17, 1930.

Douglas, Carter & Black, of San Antonio, for appellant.

Davis & Hatchell, of Dallas, for appellee.

VAUGHAN, J.

This is an appeal under article 2008, R. C. S. 1925, from a judgment of the court below overruling appellant's plea of privilege. The suit that gave rise to this appeal is but appellee's "revised version" of a former suit instituted by it as plaintiff against appellant and Fidelity & Deposit Company of Maryland, as defendants, and involving the identical controversy alleged in this suit, and in which a plea of privilege, similar to the one presented in the instant case by appellant, was sustained. See India Tire & Rubber Co. v. Murphy et al. (Tex. Civ. App.) 6 S.W.(2d) 141. The only difference between the two suits filed by appellee as plaintiff against appellant and the Fidelity & Deposit Company of Maryland is that the instant suit contains the following allegation, which was not embodied in the petiton filed in the former suit, viz., "That thereafter and about April 3, 1926, the defendant, Fidelity & Deposit Company of Maryland at the request and on the written application of defendant, Joseph Frank Murphy, executed and delivered a bond in the sum of $10,000.00, payable to and for the use and benefit of plaintiff, India Tire & Rubber Company, for a good and sufficient consideration, to indemnify the said India Tire & Rubber Company from and against any and all direct loss which the said India Tire & Rubber Company shall sustain through fraudulent conversion by the said defendant, Joseph Frank Murphy, after March 15, 1926, of the goods, wares and merchandise and other property belonging to the plaintiff, India Tire & Rubber Company, placed with the said defendant Murphy for storage and distribution"; and that on the trial of the plea of privilege in the instant case said allegation was established by the introduction of the original written application made by said Murphy, appellant herein, for the execution of said bond by the Fidelity & Deposit Company of Maryland, as surety for and with him as principal to and for the benefit of appellee, India Tire & Rubber Company.

That the environments of the two cases are only different in this: At the time the first suit was filed, viz., April 16, 1927, section 2 (subdivision 29a), c. 72, Acts First Called Session 40th Legislature (A. D. 1927) p. 197 (Vernon's Ann. Civ. St. art. 1995, subd. 29a), viz., "Whenever there are two or more defendants in any suit brought in any county in this State and such suit is lawfully maintainable therein under the provisions of article 1995 as to any of such defendants, then such suit may be maintained in such county

against any and all necessary parties thereto" was not in force, but was in effect on the filing of the second suit September 13, 1928. Appellee alleged in the present suit a cause of action maintainable in Dallas county under provisions of article 1995, R. C. S. 1925, as to the Fidelity & Deposit Company of Maryland, and facts sufficient to show that appellant was a necessary party thereto; in fact, it alleged the existence of a joint cause of action against said parties defendant. Appellant filed a proper plea of privilege to be sued in the county of his residence, alleging that "no exception to exclusive venue in the county of his residence provided by law exists in said cause"; and in addition thereto filed a plea of res judicata as to the venue question, alleging that in this same controversy a similar plea of privilege by appellant to be sued in Bexar county was sustained, in the previous suit, which suit was, on appellee's motion, dismissed without prejudice after the judgment sustaining said plea had become final.

Appellee answered said plea of res judicata by admitting that in a previous suit between the same parties, involving the same cause of action, a similar plea of privilege had been sustained, and to avoid the effect of that judgment alleged the existence of new matter as follows, viz.: That the bond in the sum of $10,000 was executed at the request and on the written application of appellant. That the venue of the second suit was properly laid in Dallas county as to appellant Murphy under the act of the 40th Legislature, supra, through the allegations based upon the application by appellant to the Fidelity & Deposit Company of Maryland for the issuance and execution of the bond by it, as set out in said application, and which was established by the introduction of said application, there can be no question. Therefore, if the judgment entered upon the plea of privilege in the prior suit is not res judicata of the question of privilege presented in the instant suit, then the judgment of the lower court was properly entered on the ground that venue of the second suit was lawfully maintainable in Dallas county against appellant as a necessary party thereto.

Appellee herein prosecuted an appeal from the judgment rendered in the first suit, on appellant's plea of privilege, which was affirmed, and said cause transferred to a district court of Bexar county. See India Tire & Rubber Co. v. Murphy et al. supra. Thereafter said appellee procured an order to be entered in said cause by the district court of Bexar county dismissing same without prejudice, following which order the present suit was instituted. The parties to and the cause of action on which recovery was sought in both suits are identical, the issue of venue involved substantial rights of the appellant and appellee in both suits, and was in all material respects the same issue in each. From the judicial determination of that issue an appeal, as provided for by law, was prosecuted, resulting in the judgment of the trial court being affirmed. The effect of the adjudication on the plea of privilege was as final as the judgment pronouncing same. What was this effect upon the rights of the parties involved in this issue? The answer, we think, must be a final adjudication that venue of appellee's cause of action as to appellant Murphy was not in Dallas county; that no exception under the venue statute to the right of appellant to be sued in the county of his residence existed so as to confer upon appellee the right to maintain its suit in Dallas county against appellant; and that said suit could only be maintained in the county of his residence, to which said cause was ordered transferred, namely Bexar county, to be tried upon its merits. The act of the First Called Session of the 40th Legislature, supra, not being in existence at the time the first suit was filed, no right accrued to appellee thereunder to maintain that suit after said act became effective, and the fact that same was in force at the time appellee dismissed said suit from the dockets of the district court of Bexar county and filed the present suit could not alter, change, or impair the effect of the judgment rendered on the issue of venue in the first suit. That in the present suit appellee, for the first time, alleged the making of application by appellant to the Fidelity & Deposit Company of Maryland for the execution of the bond involved in both suits as his surety to secure appellee from loss, as stated in said application, could not operate to relieve the issue of venue raised in the instant suit from the effect of the judgment rendered on that issue in the prior suit, so as to prevent same from being a bar to asserting in the present suit the issue of venue determined in the former litigation between the same parties and involving the same controversy.

We therefore hold that the trial court erred in not sustaining appellant's plea of privilege as presented in connection with his plea of res judicata urged in support of and as a part of said plea of privilege. Old et al. v. Clark (Tex. Civ. App.) 271 S. W. 183; Jacobson v. Berwick (Tex. Civ. App.) 289 S. W. 1035; India Tire & Rubber Co. v. Murphy et al. supra.

Therefore the judgment of the court below is reversed, and cause remanded, with instructions to transfer this cause, as to appellant Murphy, to a district court of Bexar county, Tex.

Reversed and remanded, with instructions.