Sumner William FOWLER, Appellant,

v.

Billie Lee FOWLER et al., Appellee.

No. 3253.

Court of Civil Appeals of Texas.

Eastland.

July 13, 1956.

 

Bill Snow, Big Lake, Ennis Favors, Stephenville, for appellant.

Sam Cleveland, C. O. McMillan, Intervenor, Stephenville, for appellee.

LONG, Justice.

On September 28, 1954, Billie Lee Fowler and Sumner William Fowler were divorced by judgment of the District Court of Upton County, Texas, and the custody of Judy Ann Fowler, their daughter, was awarded to Billie Lee Fowler but Sumner William Fowler was given the right to visit said child. Thereafter, on July 14, 1955, Sumner William Fowler filed suit in the District Court of Upton County for a change of custody of such minor child, alleging therein a change in conditions. Billie Lee Fowler filed her plea of privilege to be sued in Erath County, the county of her residence. Such plea was by the court sustained and the case transferred to said county. On the 14th day of December, 1955, the County Court of Erath County ordered Billie Lee Fowler temporarily committed to the state hospital at Wichita Falls for observation and treatment for a period not exceeding ninety days under the provision of Article 3193o–1, Vernon's Annotated Civil Statutes. On the 22nd day of December, 1955, Sumner William Fowler filed a petition in the District Court of Upton County and on the same day and without notice to Billie Lee Fowler procured an order of such court temporarily awarding him the custody of the minor child. The officers acting under said order took possession of said minor child in Erath County and delivered her to Sumner William Fowler in Upton County. Thereafter, the Honorable Sam Cleveland, attorney of record for Billie Lee Fowler, filed in the District Court of Erath County a petition for a writ of habeas corpus directing Sumner William Fowler to produce the child before that court on the 14th day of January, 1956. Sumner William Fowler appeared before the District Court of Erath County and filed his plea in abatement, which was overruled, and also filed an answer to the petition for a writ of habeas corpus. On the same day the said Sumner William Fowler also filed his motion to dismiss the suit which had been transferred from the District Court of Upton County. Said motion was denied. Mrs. R. S. Shankle, grandmother of Judy Ann Fowler, appeared and with leave of the court filed her plea of intervention seeking the temporary custody of said minor child. The court after a hearing awarded the custody of Judy Ann to her grandmother, Mrs. Shankle, until it should be determined with some degree of finality the outcome of the condition of the mother of said child. From this judgment Sumner William Fowler has appealed.

Appellant by his first point contends the trial court erred in overruling his plea in abatement for the reason that another cause between the appellant and appellee was then pending in the District Court of Upton County, Texas, involving the same subject matter as the case at bar. We find no merit in this point. At the time appellant filed his last suit in Upton County there was then pending a suit in the District Court of Erath County between the same parties in which the custody of the minor child was involved. In other words both suits involved the same subject matter, that is, the custody of the child. The appellee Billie Lee Fowler was a resident of Erath County at the time the first suit for a change of custody was filed in Upton County. The child was living with her mother in Erath County at that time and at the time appellant filed his last suit for a change of custody in Upton County. The district court of that county had lost jurisdiction over the child. When

Billie Lee Fowler's plea of privilege was sustained and the case transferred to Erath County the venue was fixed as to the custody of the child in that county. The judgment entered in the last suit filed in Upton County purporting to award custody of the child to appellant was void. 43-B Tex.Jur. Sec. 181, p. 455; Murphy v. India Tire & Rubber Co., Tex.Civ.App., 27 S.W.2d 1110; Coke v. Pottorff, Tex.Civ.App., 140 S.W.2d 586. It is the settled law of Texas that the residence of a parent having custody of a minor child fixes the venue of a suit for change of custody. Lakey v. McCarroll, 134 Tex. 191, 134 S.W.2d 1016.

Appellant contends by point two that the trial court erred in awarding the custody of the minor child to Mrs. Shankle because Billie Lee Fowler, who had the legal custody of the child, was at that time an inmate of an insane asylum and appellant was a proper and fit person to have custody of the minor child. We do not agree with this contention. Contrary to the contention of appellant, Billie Lee Fowler was not adjudged insane by the County Court of Erath County but an order committing her for observation and treatment was the only order entered by that court.

Appellant makes the further contention that the trial court erred in awarding the custody of the minor child to Mrs. Shankle because appellant was shown to be a proper and fit person to have custody of the child and there was no showing that he was unfit. It is a well settled law of Texas that where the parents are divorced the custody of the child is generally within the discretion of the trial court. The evidence discloses that the little girl had lived with her grandmother, Mrs. Shankle, for several years. Mrs. Shankle maintained a nice home and the child was properly cared for. Appellant had remarried since his divorce from Billie Lee Fowler to a girl sixteen years of age. The trial court had the opportunity of observing the parties and their witnesses and was in much better position than we are to determine the best interests of this little child. We have studied the record and have failed to find that the trial court abused its discretion in awarding custody of the child to Mrs. Shankle. Watts v. Rutledge, Tex.Civ.App., 211 S.W.2d 995; Lasater v. Bagley, Tex. Civ.App., 217 S.W.2d 687 and Taylor v. Meek, Tex., 276 S.W.2d 787.

Appellant urges that the trial court erred in overruling his motions to dismiss and for a nonsuit of the case transferred from Upton County to Erath County. We find no merit in this contention. Billie Lee Fowler and Mrs. Shankle were asking for affirmative relief in the District Court of Erath County. Texas Rules of Civil Procedure, rule 164 provides that the plaintiff may take a nonsuit but it further provides the right of an adverse party to be heard on his claim for affirmative relief shall not be prejudiced thereby.

We find no merit in appellee's motion to dismiss the appeal on the ground that the judgment is not final. We overrule this motion under the authority of Lakey v. McCarroll, supra. The points of error presented by appellant have been considered and are overruled. The judgment of the trial court is affirmed.