Wyvonne Yates FROST, Appellant,

v.

Connie Louis FROST, Appellee.

No. 8064.

Court of Civil Appeals of Texas, Texarkana.

May 18, 1971.

Jim Hooper, Harkness, Friedman & Kusin, Texarkana, for appellant.

Guy Jones, Texarkana, for appellee.

RAY, Justice.

■ Appellee, Connie Louis Frost, filed his motion to dismiss appellant's appeal to this Court on the basis that no final judgment had been entered by the District Court of Bowie County, Texas, in a change of child custody matter. Upon examination of the order entered by District Judge Herbert Line, it is clear that the Court has not finally determined to whom the minor child, Michael Louis Frost, should be awarded. This Court finds that the order entered by the Trial Court is an interlocutory order and as such is not subject to appeal. Goodman v. Goodman, 224 S.W. 207 (Tex.Civ.App., Texarkana, 1920). The Court in its order appointed the Bowie County Child Welfare Unit as the investigating agency to investigate the circumstances surrounding custody of the minor child and then entered its order removing the child from the custody of his mother and awarded the temporary custody of the minor child to Mrs. Connie Frost, Sr., the paternal grandmother. It is clear that the Trial Court intends to enter a final order when the investigation is complete. The trial court has broad discretion in awarding the custody of a minor child, and the award will not be disturbed in the absence of evidence of abuse of discretion. Arts. 4639 and 4639a, V.A.T.S.; Sec. 3.55, Tex. Family Code.

In Morrow v. Gallant, 312 S.W.2d 526 (Tex.Civ.App., Austin, 1958, no writ), the court held that, where the judgment awarded the custody of minor children to their paternal grandparents on a temporary basis, such judgment was not a final judgment and therefore not appealable. See also Appellate Procedure in Texas, Sec. 2.-10(5).

In Fowler v. Fowler, 292 S.W.2d 800 (Tex.Civ.App. Eastland, 1956, no writ), the court held that an order temporarily awarding custody of the minor child to her grandmother was an appealable judgment, citing Lakey v. McCarroll, 134 Tex. 191, 134 S.W.2d 1016 (Tex.Sup.1940). In that case, Mr. Fowler, the father, filed suit for change of custody of his minor child when the mother was temporarily committed to a state hospital for observation and treatment, but the Court awarded custody of the minor child to her grandmother until it could be determined with some degree of finality the outcome of the condition of the mother of said child.

On the surface, the only distinction between the Morrow Case and the Fowler Case is that the Trial Court in the Morrow Case set a definite time on which its temporary order was to expire. In Fowler v. Fowler, supra, the appellate court cited Lakey v. McCarroll, supra, as its authority for holding the temporary change of child custody order was an appealable order. Upon close examination of the Lakey Case, it is clear that the Supreme Court did not have before it the question of a temporary change in child custody. The court had under consideration a "permanent" change of child custody. In the original divorce proceeding, the two Lakey children were awarded to the maternal grandfather, R. O. McCarroll, and following such award, Mrs. Lakey, the mother, died. After the death of Mrs. Lakey, Mr. Lakey petitioned the court to take the custody of said minor children away from the grandfather, R. O. McCarroll, and have such children awarded to him as their natural father on the grounds that conditions had changed and that McCarroll was unfit. McCarroll filed a plea of privilege to be sued in the county of his residence. There was no award nor judgment entered disposing of the question of who should have custody of the Lakey children. The matter was on appeal on questions of venue and the Eastland Court

of Civil Appeals certified two questions on venue to the Texas Supreme Court for the Supreme Court's decision. It occurs to us that the opinion in Fowler v. Fowler, supra, holding that the temporary order awarding the child to the grandmother was an appealable order is incorrect, since such holding was based upon an erroneous premise that Lakey v. McCarroll, supra, was authority for allowing an appeal of a temporary child custody order. The Lakey Case is not authority for holding that a temporary change of child custody is an appealable order, since the Lakey case did not have that question before the court at the time the case was decided. The better rule is the one declared in Morrow v. Gallant, supra, holding that an order temporarily changing child custody is not a final judgment and therefore not appealable. To hold otherwise would allow an appeal in all these cases before the trial court could fully investigate the environment of the minor children. We believe that justice and equity require that the trial court be allowed to place minor children in a new environment on a temporary basis until such time as the court can make a determination with whom the children should be placed for their best interests and welfare.

 Since there is no statute governing the appealability of temporary changes in child custody, it is encumbent upon the trial courts of this State to act as expeditiously as possible in determining to whom the child, or children, should be awarded on a permanent basis, in order that such child, or children, can be located in permanent surroundings. The trial courts should also set expiration dates for their temporary orders to establish the fact that such orders are in fact temporary. Under the broad discretion of the trial court in such matters, if the court cannot determine to whom the child, or children, should be awarded within its original time limit on its temporary order, then of course the trial court could extend the temporary order for an additional definite time. Only under rare and extreme circumstances should a temporary order extend more than six months. If the temporary order is extended beyond six months, it should only be done upon express findings by the trial court of good cause for such extension set out specifically in its order. An extension of any temporary order changing the custody of children beyond six months, without a finding of specific good cause, should be looked upon by the appellate courts with disfavor, leaving the appellate courts to find that the trial court has not entered a temporary order, but in fact a final order subject to appeal.

We hold the order entered by the Trial Court in this case to be a temporary order awarding the minor child to the paternal grandmother, and therefore is not subject to appeal. Under such circumstances, our jurisdiction is limited to dismissing the appeal.

The appeal is dismissed.