Webster Walter **FRANKLIN, Jr.,**
**Appellant,**

**v.**

**Mollie Lou WOLFE, Appellee (two cases).**

**Nos. 655, 656.\***

Court of Civil Appeals of Texas,
Houston (14th Dist.).

July 12, 1972.

Rehearing Denied Aug. 2, 1972.

\* One opinion written in the above two cases.

Hellmut A. Erwing, Ody K. Jerden, George J. Delaney, Houston, for appellant.

James H. Bowlin, Houston, for appellee.

TUNKS, Chief Justice.

These appeals present complicated problems that arise from complex procedural maneuvers in a child custody case. The various judicial proceedings from which those questions arise will be summarized.

On December 14, 1967, Mollie Lou Franklin and her husband, Webster Walter Franklin, Jr., were divorced by judgment of the Court of Domestic Relations Number Four of Harris County, Texas. There was one child of that marriage, a daughter, Katherine Fay Franklin, born February 18, 1966. By that divorce decree the mother was given custody of the child and provision was made for visitation by the father for a two week period during each summer and for other visitation. Later the mother, appellee in these appeals, married a man named Wolfe. She and her new husband moved to California in the fall of 1970, taking her daughter with them.

In April of 1971, the father filed suit in the Superior Court of Los Angeles County, California, where the mother and child were residing. At a hearing held in that court on April 28, 1971, the mother and father agreed upon a decree to be entered in the proceeding. The decree of the California court contained this language:

"IT IS THEREFORE ADJUDGED as follows:

1. Except as hereinafter modified with regard to visitation rights, the judgment in the Texas proceedings, attached hereto and incorporated herein as Exhibit 'A' and bearing a date of entry of December 14, 1967, is confirmed and made a judgment of this court."

As to visitation the California court provided for the father to have a four week visitation period each year, and other privileges, the first four week period to begin on April 29, 1971. During the four week period it was provided that the father could bring the child to Texas. The father was required to arrange and pay for transportation.

Pursuant to the California decree the father brought the child to Houston, Texas, on April 29, 1971. He did not, however, return the child to the mother at the end of his four week visitation period. Instead, on May 26, 1971, he filed suit in the Harris County Court of Domestic Relations Number Four asking that he be awarded custody of the child. He alleged as grounds for such award a change of conditions "since the entry of the Divorce Decree in Cause #739,199", *the 1967 decree of the Harris County, Texas court*. His prayer was the Harris County court change *its former decree* and award him custody.

On June 16, 1971, the mother, now named Mollie Lou Wolfe, filed a petition for writ of habeas corpus in the Harris County Domestic Relations Court Number Four. The prayer of that petition asked that the child "be discharged from such illegal confinement and restraint, and that the custody of the said minor be restored to this Petitioner." The judge forthwith signed an order directing the father to produce the child before the court on June 21, 1971, "and show why relief requested in the Petition herein should not be granted." A writ was issued by the clerk so directing the father to produce the child. He did so produce the child and a hearing was held. Though the record is not entirely clear on the matter, after such hearing the judge apparently orally announced a ruling by which the custody of the child was returned to the mother. The docket sheet in that hearing has an entry dated June 21, 1971, reciting "Habeas Corpus Granted". The

only other entry on the docket sheet is dated January 21, 1972, and recites "Judgment Entered". On January 21, 1972, in said case the judge signed the written order. It recites the appearance of the parties on June 21, 1971; the hearing of evidence; the findings that the father was illegally holding the child and that the mother was entitled to custody and that the relief prayed for by the mother was granted. Apparently the mother took possession of the child on June 21, 1971, and returned to California and has been there since. The father has appealed from that judgment.

■ On June 21, 1971, when the mother showed up in the courtroom for the hearing with reference to the habeas corpus proceeding that she had filed she was served with citation in the change of custody suit that the father had filed in the Texas court on May 26, 1971. In response to that suit the mother filed on June 28, 1971, a pleading that was designated "Special Appearance to Present Motion to the Jurisdiction". It is apparent that her attorney considered this a special appearance pursuant to Tex. R.Civ.P. 120a. Actually, it was not the character of motion contemplated by that rule. Rule 120a provides for a special appearance by a defendant to challenge the jurisdiction of a Texas court "on the ground that such party or property is not amenable to process issued by the courts of this State." In this case the mother was in Texas when she was served and was therefore amenable to process issued by the Texas court. The fact that she was not a Texas resident did not deprive the court of jurisdiction and such jurisdiction was effectively invoked when she was served with citation while in Texas. The fact that she came to Texas to participate in other litigation did not make her immune from service of citation in this case. Oates v. Blackburn, 430 S.W.2d 400 (Tex.Civ.App.–Houston (14th Dist.) 1968, writ ref'd n. r. e.).

A persuasive argument could be made that the facts of this case would justify an exception to the general rule pronounced in the Oates case. See 47 Tex.L.Rev. 499

(1969). That question need not be decided here because such was not the true basis of the mother's challenge to the court's jurisdiction. That challenge, although not clearly worded in the motion, was upon the basis that the mother was the lawful custodian under the terms of an unchallenged and lawful decree of the California court which fact had just been affirmed by the Texas court on June 21, 1971, one week before the filing of the motion.

On November 11, 1971, the trial court held a hearing on the mother's plea to the jurisdiction in the father's custody case. On January 21, 1972, the court signed an order sustaining that plea and dismissed the father's custody case for want of jurisdiction. The father has appealed from that order, too. Thus, there are two appeals before this Court—one from the judgment in the mother's habeas corpus case and the other from the dismissal in the father's custody case. In each of those cases the proceedings and the ruling in the other is significant and relevant. For that reason the two appeals are being treated in one opinion.

■ When the mother filed her petition for habeas corpus in the Texas court she invoked the power of that court to adjudicate the custody of her child. Despite the form of her pleading it amounted to a civil suit for custody of the child. Short v. Short, 163 Tex. 287, 354 S.W.2d 933 (1962); Knollhoff v. Norris, 152 Tex. 231, 256 S.W.2d 79 (1953). In fact, as heretofore noted, in the prayer of her petition she asked that custody be awarded her. There is filed in this Court an agreed statement of facts in narrative form which shows that the question of custody was tried on June 21, 1971. An employee of the private school in which the child had been enrolled for the preceding 5 weeks, the father and the mother testified. The school employee testified the child did not adjust well, that she was afraid to go home with her father for fear that her mother would come to get her and that she said that she had no mother. The father testified that when he took

the child in California she had sore feet because her shoes were too small. He admitted that he refused to return the child at the end of his four week visitation period. The mother testified that the child was in good health when her father took her and that she, the mother, had never neglected her. The fact of California judgment, a copy of which was attached to the mother's petition, was proven and was admitted by the father. At the conclusion of that trial the judge awarded custody to the mother. He granted the relief for which she had prayed in her petition. That judgment was not reduced to writing and signed until January 21, 1972. It was that judgment from which one of these appeals was taken by the father.

■ It is noted parenthetically that this trial was conducted upon the occasion of the father's response to a notice to appear at an ancillary proceeding. He was not served with citation and given the regular time within which to answer. The case was not set for trial on its merits in accordance with the regularly adopted and recorded Rules of the Courts of Domestic Relations of Harris County, of which rules this Court may take judicial notice. Investors Diversified Services, Inc. v. Bruner, 366 S.W. 2d 810 (Tex.Civ.App.-Houston 1963, writ ref'd n. r. e.); Griffin v. Duty, 286 S.W.2d 229 (Tex.Civ.App.-Galveston 1956, no writ). At such hearing, or even ex parte, the trial court was authorized to issue an order for the temporary custody and protection of the child. Page v. Sherrill, 415 S.W.2d 642 (Tex.Sup.1967). But the judgment here rendered was a final judgment on the merits of the case. If it had been merely an ancillary order as to the temporary custody of the child it would not have been appealable. Frost v. Frost, 467 S.W.2d 683 (Tex.Civ.App.-Texarkana 1971, no writ). Had either party objected to the trial on the merits of the final custody issue at such hearing set for the determination of the ancillary issue, the court's overruling of that objection would have been error. Livingston v. Nealy, 382 S.W.2d

511 (Tex.Civ.App.-Corpus Christi 1964, writ ref'd n. r. e.); Goodman v. Goodman, 236 S.W.2d 641 (Tex.Civ.App.-San Antonio 1951, no writ). Apparently, however, no such objection was made in the trial court and none has been made by this appeal. The trial of the case on the merits without following the usual procedure of citation and setting seems to have been by agreement, as, certainly, such a trial may be held.

■ While the mother's filing of the petition for habeas corpus invoked the court's power and authority to adjudicate the issue of the child's custody, the court's authority therein was not unlimited. To the extent that a valid decree of another court was res judicata of that issue, the trial court here had no authority to adjudicate it. The December 14, 1967 decree of the Texas court and the April 28, 1971 decree of the California court are res judicata of parents' rights to the custody of the child as of the dates of those judgments. Any judicial determination of the issue of the right to the custody of child subsequent to its having once been judicially determined must depend upon a change of conditions affecting the child's welfare after the prior adjudication. Knowles v. Grimes, 437 S.W.2d 816 (Tex.Sup.1969); Taylor v. Meek, 154 Tex. 305, 276 S.W.2d 787 (1955); Blair v. Blair, 434 S.W.2d 943 (Tex.Civ.App.-Dallas 1968, no writ). Those authorities pronounced the Texas law in such respect. No proof was made that the California law on the subject is different. No request was made that the court take judicial notice of the California law, as permitted by Tex.R.Civ.P. 184a. It is thus presumed that the California law of res judicata gives the California custody judgment the same effect as the Texas law gives a Texas judgment. Ogletree v. Crates, 363 S.W.2d 431 (Tex.Sup. 1963). In the broad sense the Texas court had jurisdiction to adjudicate the custody of the child. Its authority in the exercise of that jurisdiction was limited by the California decree. It was authorized

to decree custody in terms different from those of the California decree only if there was such a change of circumstances since the date of that decree that the welfare of the child warranted such new and different judgment.

As will be readily seen from a consideration of the evidence before the court on the June 21, 1971 hearing, there was not the slightest suggestion of any relevant change of conditions after April 28, 1971, the date of the California judgment. For that reason the trial court's judgment in awarding the mother custody as prayed for in her petition is affirmed.

The trial court had jurisdiction, in the broad sense, of the child's custody. The facts before it, however, failed to show changed conditions since the California decree. It, therefore had no authority to exercise its jurisdiction by making a provision for custody different from the provision of the California decree. For that reason the trial court's order dismissing the father's suit for custody is affirmed.