**Beryl Ann COBB, Appellant,**

v.

**James Taylor MUSSLEWHITE, Appellee.**

No. 12–86–0263–CV.

Court of Appeals of Texas, Tyler.

March 30, 1987.

Sam Cobb, Jr., Tyler, for appellant.

Samuel M. George, Rowan, George & Parker, Tyler, for appellee.

PER CURIAM.

This is an appeal from an order granting a temporary injunction pending final hearing on a motion to modify the powers of a managing conservator.

Appellant Cobb was divorced from James Taylor Musslewhite (Musslewhite) in April of 1985. Cobb was named managing conservator of the couple's twin sons, now age 15. Musslewhite was given possessory conservatorship of the children. Cobb en- rolled the children at St. Stephens, a private school in Austin, for the 1986–87 school year. Musslewhite filed a motion to modify the parent-child relationship seeking, *inter alia*, to enjoin Cobb from sending the boys to school outside Smith County, Texas.

A temporary restraining order was issued and a hearing was held to determine whether a temporary injunction should issue. On August 15, 1986, Judge Blake found that it was in the best interest of the children that the temporary injunction sought by Musslewhite be granted. The order enjoins Cobb from:

> Enrolling the children in a school outside of Smith County, Texas.
>
> Removing the children named herein beyond Smith County, Texas, acting directly or in concert with others, for the purpose of changing the residence of the children to a boarding school or preparatory school.

The temporary orders state that they are to remain in effect until further order of the trial court and provide that final hearing be held on February 13, 1987.

In appealing from the temporary injunction, Cobb contends that the trial court erred in modifying her powers as managing conservator without proof of a material and substantial change of circumstances. Cobb also attacks the orders as an abuse of discretion by the trial court in interfering with her decisions as managing conservator regarding the children's education.

Before reaching the merits of Cobb's contentions, we must decide whether the law permits an appeal from the temporary injunction. Musslewhite contends that the temporary injunction is a temporary order for the safety and welfare of the children within the ambit of Tex.Fam.Code Ann. § 11.11(a) (Vernon 1986),[1] and, by law, is not appealable. § 11.11(g).[2]

---

1. Tex.Fam.Code Ann. § 11.11(a) reads:

   (a) In a suit affecting the parent-child relationship, the court may make any temporary order for the safety and welfare of the child, including but not limited to an order:
   (1) for the temporary conservatorship of the child;
   (2) for the temporary support of the child;
   (3) restraining any party from molesting or disturbing the peace of the child or another party;
   (4) prohibiting a person from removing the child beyond a geographical area identified by the court; or
   (5) for payment of reasonable attorney's fees, and expenses.
   All references to statutes shall be to the Tex. Fam.Code Ann. unless otherwise noted.

2. Section 11.11(g) reads:

   (g) Temporary orders entered under this section are not subject to interlocutory appeal.

Cobb seeks to distinguish the temporary injunction from those temporary orders comprehended by section 11.11, arguing that the orders issued do not affect the "safety and welfare" of the children and therefore are appealable under rules employed to review the propriety of temporary injunctions in other civil cases.

Prior to the amendment of section 11.11 in 1981,[3] the Family Code provided, "Temporary orders under this section are governed by the rules governing temporary restraining orders and temporary injunctions in civil cases generally."[4] As pointed out by Musslewhite in his brief, it had been held prior to the 1981 amendment that a temporary order issued under section 11.11 was not appealable *unless* the order was, by its terms, injunctive. *See Craft v. Craft,* 579 S.W.2d 506, 511 (Tex.Civ.App.– Dallas) *writ ref'd per curiam,* 580 S.W.2d 814 (Tex.1979). As late as 1986, it was held that temporary orders which grant injunctive relief are appealable. *Ayala v. Minniti,* 714 S.W.2d 452, 454 (Tex.App.– Houston [1st Dist.] 1986, no writ); *see also Jacobsen v. Jacobsen,* 695 S.W.2d 44 (Tex. App.–Corpus Christi 1985, no writ).[5]

Our review of the changes which have been made in section 11.11, beginning with the 1981 amendment noted above, clearly indicates that the Legislature does not intend to allow interlocutory appeals of temporary injunctions which affect the welfare of children pending final hearing on modification. We observe that subsection (a)(4) expressly includes as temporary orders those "prohibiting a person from removing a child beyond a geographical area identified by the court ...," such relief being clearly injunctive in nature. Coupled with the 1985 addition of subsection (g),[6] to-wit, "Temporary orders entered under this section are not subject to interlocutory appeal ...," we see no way to escape the conclusion that temporary orders such as the one now in question, even though injunctive, are not appealable.

Cobb argues that because no evidence was presented to show the children's welfare was threatened, the temporary injunction is not a "temporary order for the safety and welfare of the child" within the meaning of section 11.11. Regardless of its propriety, however, it seems obvious that the order in question concerns certain aspects of the children's "welfare," those being where they will live and go to school. Therefore, as we construe it, section 11.-11(g) operates to preclude our review of the merits of the injunctive order at this time.

For reasons not evident in the record, final hearing on Musslewhite's motion to modify was not held on the appointed date set out in the temporary order. We suggest that such hearing be held at the earliest possible date so that the matter may be disposed of in time to enroll the children in school for the 1987–88 term.

The appeal is dismissed.

---

3. Act of June 10, 1981, ch. 355, § 2, 1981 Tex. Gen.Laws 942, 943–944.

4. Act of June 15, 1973, ch. 543, § 1, 1973 Tex. Gen.Laws 1411, 1417.

5. In both the *Ayala* and *Jacobsen* opinions, it does not appear that the appellee attempted to question the appealability of the orders involved.

6. Act of May 17, 1985, ch. 115, § 3, 1985 Tex. Gen.Laws 559, 560.