Casey Renee MORSE, Relator

v.

The Honorable Susan BAKER–OLSEN, Judge, 306th Judicial District, Galveston County, Texas, Respondent.

No. 14–96–00211–CV.

Court of Appeals of Texas, Houston (14th Dist.).

Sept. 12, 1996.

Linda J. Nickelson, Bayou Vista, for relator.

Patrick Reilly, Galveston, for respondent.

Before MURPHY, C.J., and AMIDEI and ANDERSON, JJ.

## OPINION

ANDERSON, Justice.

In this original proceeding, relator, Casey Renee Morse, challenges the trial court's temporary order of February 12, 1996 enjoining relator from changing the domicile and residence of the child from Galveston County. In our opinion of June 20, 1996, we conditionally granted the writ of mandamus. On July 11, 1996, the real party in interest, Eugene Thomas Morse, III, filed a motion for rehearing challenging our holding that the trial court's temporary order was void. We now grant the motion for rehearing, withdraw our opinion of June 20, 1996, and substitute this opinion, denying the petition for writ of mandamus.

A decree of divorce was signed on December 4, 1995, providing that the parties were awarded joint managing conservatorship of the child. The decree designated relator as the "Primary Joint Managing Conservator." The real party in interest, Eugene Thomas Morse, was ordered to pay child support and relator was given the exclusive right to establish the primary residence of the child. The decree provided that relator was to give thirty (30) days written notice to the real party in interest before relocation of the primary residence of the child.

On January 3, 1996, relator mailed written notice to the real party in interest that relator planned to relocate the primary residence of the child to Savannah, Georgia on or about February 3, 1996. On January 17, 1996, the real party in interest filed a motion to modify the original decree, requesting that he be named the Primary Joint Managing Conservator with the exclusive right to determine the child's primary residence, and seeking child support payments be made to him. The motion also requested a temporary injunction precluding relator from moving from Galveston County. After a hearing, the trial court entered a temporary order on February 12, 1996 enjoining relator from changing the domicile and residence of the child from Galveston County.

■■■■ Relator contends the trial judge abused her discretion in entering this temporary order. Mandamus relief is available if the trial court abuses its discretion, either in resolving factual issues or in determining legal principles. *Walker v. Packer,* 827 S.W.2d 833, 839–40 (Tex.1992). A trial court abuses its discretion if "it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law." *Johnson v. Fourth Court of Appeals,* 700 S.W.2d 916, 917 (Tex.1985). When alleging that a trial court abused its discretion in its resolution of factual issues, the party must show the trial court could reasonably have reached only one decision. *Id.* at 918. As to determination of legal principles, an abuse of discretion occurs if the trial court clearly fails to analyze or apply the law correctly. *Walker,* 827 S.W.2d at 840.

■■■ In determining whether the writ should issue, we must further determine whether the party has an adequate remedy by appeal. *Id.* Typically, temporary injunctions are subject to interlocutory appeal. TEX.CIV.PRAC. & REM.CODE ANN. § 51.014(4) (Vernon Supp.1996).

■■■■ Mandamus is intended to be an extraordinary remedy, only available in limited circumstances "involving manifest and urgent necessity and not for grievances that may be addressed by other remedies." *Holloway v. Fifth Court of Appeals,* 767 S.W.2d 680, 684 (Tex.1989). An appellate remedy is not inadequate merely because the party may incur more expense and delay than in obtaining the writ. *Walker,* 827 S.W.2d at 842. An appellate court may issue a mandamus despite the availability of other remedies if the trial court's order is void. *Buttery v. Betts,* 422 S.W.2d 149, 151 (Tex.1967).

Relator's sole contention is that the temporary order is void because the trial court had an affirmative duty to apply Family Code sections 156.006 and 156.202. Relator declares that the only statutory authority for entering temporary orders after entry of a final order is § 156.006 of the 1995 amendments to the Family Code. *See* Act of April

20, 1995, 74th Leg., R.S., ch. 20, § 1, 1995 Tex. Sess. Law Serv. 3 (Vernon)(hereinafter referred to as TEX.FAM.CODE ANN. § 156.006(b)). Chapter 156 is entitled, "Modification." Section 156.006 provides for entry of temporary orders in a suit for modification, as follows:

> While a suit for modification is pending, the court may not render a temporary order that has the effect of changing the designation of a sole or joint managing conservator appointed in a final order unless:
>
> (1) the order is necessary because the child's present living environment may endanger the child's physical health or significantly impair the child's emotional development;
>
> (2) the child's managing conservator has voluntarily relinquished the actual care, control, and possession of the child for more than six months and the temporary order is in the best interest of the child; or
>
> (3) the child is 12 years of age or older and has filed with the court in writing the name of the person who is the child's choice for managing conservator and the temporary order naming that person as managing conservator is in the best interest of the child.

TEX.FAM.CODE ANN. § 156.006(b). The real party in interest did not seek injunctive relief under this section and made no showing under the above-quoted provisions.

■ The real party in interest asserts that section 156.006 is inapplicable and that the trial court's order was properly entered pursuant to TEX.FAM.CODE ANN. § 105.001 (Vernon Supp. Pamph.1996). We turn first to the argument that section 156.006 is inapplicable. The real party in interest claims this section is inapplicable because the trial court's temporary order did not have the effect of changing the designation of sole or joint managing conservator.

The original divorce decree named relator and the real party in interest joint managing conservators. The decree named relator as "primary" joint managing conservator with the exclusive right to determine the primary residence and domicile of the child. The decree named the real party in interest the "non-primary" joint managing conservator. Relator argues that the trial court's order, prohibiting relator from changing the child's residence, has the effect of changing her designation as "primary" joint managing conservator.

Section 156.006, however, does not speak in terms of "primary" or "non-primary" joint managing conservators. This section prohibits orders having the effect of changing designation as joint managing conservator. The trial court's order does not have the effect of changing relator's status as a joint managing conservator, although it does deny her the right granted in the decree that she determine the child's primary residence. Because the order does not have the effect of changing relator's status as joint managing conservator, we find section 156.006 inapplicable.

■ Section 105.001 is entitled "Temporary Orders Before Final Order." This section authorizes the court to enter "a temporary order, including the modification of a prior temporary order, for the safety and welfare of the child, including an order: . . . (4) prohibiting a person from removing the child beyond a geographical area identified by the court." TEX.FAM.CODE ANN. § 105.001(a) (Vernon Supp. Pamph.1996).

Relator argues that § 105.001 applies only to original suits where no final decree has been rendered and that this section is inapplicable to suits to modify, such as the one filed by the real party in interest. Although no cases have expressly addressed this issue, courts have impliedly held that this section applies even after rendition of the divorce decree. *See, e.g., Cobb v. Musslewhite,* 728 S.W.2d 118, 120 (Tex.App.—Tyler 1987, no writ). Furthermore, to hold as relator suggests would frustrate the purpose of the statute. This statute primarily concerns the entry of orders for the child's welfare and protection.[1] If we were to hold this section does not apply after the entry of a final decree of divorce or other final order, the

---

1. This section also provides for temporary orders for payment of attorney's fees and expenses. TEX. FAM.CODE ANN. § 105.001(a)(5) (Vernon Supp. Pamph.1996).

trial court would have no authority to enter a post-judgment temporary order affecting a child's safety and welfare. Therefore, we decline relator's invitation to construe § 105.001 as applicable only to cases where no final judgment has yet been rendered.

We deny the petition for writ of mandamus.[2]

---

**2.** Although there is no authority preventing issuance of a temporary injunction in situations where a parent tries to move to another geographical area, we believe there is potential for abuse if the trial court does not hold a hearing in a timely fashion following the issuance of the temporary injunction. The Family Code does not require a temporary injunction to include a date for the hearing on the ultimate relief requested. *See* Tex.Fam.Code Ann. § 105.001(d) (Vernon Supp. Pamph.1996). In this case, the ultimate relief requested is a change in custody. In this regard, we find the reasoning of the Texarkana Court of Appeals in *Frost v. Frost*, 467 S.W.2d 683 (Tex.Civ.App.—Texarkana 1971, no writ) compelling:

> ... it is encumbent upon the trial courts of this State to act as expeditiously as possible in determining to whom the child, or children, should be awarded on a permanent basis, in order that such child, or children, can be located in permanent surroundings. The trial courts should also set expiration dates for their temporary orders to establish the fact that such orders are in fact temporary.

*Id.* at 685.