

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-25-00082-CV

———————————————

BOB REEVES, Appellant

V.

GREGORY A. BRADY, Appellee

On Appeal from the 233rd District Court
Tarrant County, Texas
Trial Court No. 233-762713-25

Before Sudderth, C.J.; Kerr and Walker, JJ.
Memorandum Opinion by Justice Walker

# MEMORANDUM OPINION

This is an attempted interlocutory appeal. Appellant Bob Reeves challenges the trial court's temporary injunction related to the enforcement of a final decree of divorce.

In his sole issue, Reeves complains that the trial court abused its discretion by granting the temporary injunction because there is (1) no bond amount fixed, Tex. R. Civ. P. 684; (2) no date set for trial on the merits, Tex. R. Civ. P. 683; and (3) no competent, admissible evidence to support the temporary injunction, Tex. R. Civ. P. 680.

Reeves relies on Texas Rules of Civil Procedure 680, 683, and 684 to support his argument that the trial court abused its discretion. However, pursuant to Section 105.001 of the Texas Family Code, the trial court may issue temporary orders "for the safety and welfare of the child[ren], including an order . . . restraining a party from disturbing the peace of the child[ren] . . . or prohibiting a person from removing the child[ren] beyond a geographical area identified by the court"—without satisfying the specific requirements complained of by Reeves. Tex. Fam. Code. Ann. § 105.001(a)(3). Moreover, because temporary injunctions granted pursuant to Family Code Section 105.001 prohibit interlocutory appellate review, we lack jurisdiction and dismiss the appeal. *Id.* § 105.001(e).

## II.  FACTUAL AND PROCEDURAL BACKGROUND

Gregory Brady and Claudia Brady[1] were married and shared two minor children.  However, the couple divorced in 2021, and the trial court signed a final decree of divorce (Decree).  The Decree stated in relevant part,

> IT IS ORDERED that the primary residence of the children shall be [the Residence] until the earlier of (1) 8 years have elapsed since July 8, 2021; or (2) GREGORY A. BRADY does not reside in Tarrant County, Texas, Dallas County, Texas and/or Denton County, Texas and the parties shall not remove the children from Tarrant County, Texas for the purpose of changing the primary residence of the children until this geographic restriction is modified by further order of the court of continuing jurisdiction or by a written agreement that is signed by the parties and filed with that court.
>
> . . .
>
> The Court finds that the parties have entered into a written agreement as contained in this decree by virtue of having approved this decree as to both form and substance. To the extent permitted by law, the parties stipulate the agreement is enforceable as a contract . . . .

For some time, each party appeared to comply with the terms of the Decree. However, in 2023, unbeknownst to Gregory, Claudia moved their children into a different residence—her fiancé's residence.  Claudia and her fiancé, Reeves, eventually separated.  In the course of his separation from Claudia, Reeves informed Gregory that the children had been living at his residence from October 2023 until

---

[1]Because Gregory and Claudia share the same last name, we refer to them by their first names.

March 2024.  Reeves also disclosed that Claudia had transferred the title of the children's primary residence (the Residence) to him on August 21, 2024.

On January 16, 2025, Reeves informed Gregory that he intended to sell the Residence and have Claudia and the children move out of the home by March 1, 2025.  In response, on January 22, 2025, Gregory filed a petition to enforce and application for temporary restraining order and temporary injunction.  In his petition, Gregory brought two causes of action: (1) violation of the Decree against Claudia and (2) tortious interference with the Decree against Reeves.  Gregory sought a temporary restraining order (and, after notice and hearing, a temporary injunction) that would enjoin (1) Claudia from selling, participating in, or facilitating the sale of the Residence without Gregory's written agreement; and (2) Reeves from selling the Residence without Gregory's written agreement.  In support of his application for a temporary restraining order and temporary injunction, Gregory attached a signed declaration that explained, among other things, that "if the [Residence] is sold to a third party and [his] children are no longer permitted to live there, their lives would be uprooted resulting in irreparable harm."

On January 22, 2025, the trial court granted the temporary restraining order enjoining Claudia and Reeves from selling the Residence without written agreement

4

from Gregory.[2]  A hearing on Gregory's application for a temporary injunction was set for February 5, 2025.

On February 3, 2025—two days before the scheduled hearing—Reeves's attorney filed an application for a legislative continuance.  *See* Tex. Civ. Prac. & Rem. Code Ann. § 30.003.  On February 5, 2025, Gregory and Reeves appeared for a hearing on the legislative continuance and the temporary injunction.  No testimony was taken or exhibits admitted, but the parties made arguments to the trial court.  Gregory argued that without the temporary injunction, the temporary restraining order would lapse, and Reeves would be free to sell the Residence, resulting in irreparable harm to his children.  Reeves expressed the need for a legislative continuance but did not wish to address the temporary injunction.  After hearing the parties' arguments, the trial court reasoned that it was not willing to sit back and allow what it "deem[ed] to be an injustice to happen" by granting the continuance and allowing the temporary restraining order to expire.  The trial court explained that granting the continuance without also granting the temporary injunction would permit Reeves to "have [his] cake and eat it too."

---

[2]The trial court's temporary restraining order contains struck language.  It appears, as evident by adjacent initials, that the trial court struck through two paragraphs that would have required Gregory to execute and file a bond.  The second struck paragraph explains that the temporary restraining order would become effective only at such time as Gregory files a bond or cash deposit.

5

The trial court granted the temporary injunction enjoining Reeves "from selling, transferring, or otherwise manipulating the . . . Residence without written agreement from [Gregory] and [Claudia]." The trial court also granted Reeves's legislative continuance until such time that the legislature is no longer in session. The trial court explained that the temporary injunction would last as long as the legislative session and until a hearing could be set on the matter. This appeal followed.[3]

## III. DISCUSSION

Before reaching the merits of Reeves's issue, we must first address Brady's challenge to our jurisdiction. Brady contends that the temporary injunction was granted pursuant to Section 105.001 of the Family Code, and consequently, we lack jurisdiction to hear this interlocutory appeal. The entirety of this appeal turns on which Code—the Family Code or the Civil Practice & Remedies Code—governs the temporary injunction. We agree with Brady: the Family Code controls.

### A. JURISDICTION

#### 1. Applicable Law

"Unless specifically authorized by statute, Texas appellate courts have jurisdiction only to review final judgments." *McFadin v. Broadway Coffeehouse, LLC*, 539 S.W.3d 278, 283 (Tex. 2018); *see Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195

---

[3]Enforcement of the Decree was previously appealed by Claudia on unrelated grounds. *See Brady v. Brady*, No. 02-23-00163-CV, 2024 WL 637266, at *6 (Tex. App.—Fort Worth Feb. 15, 2024, pet. filed) (mem. op.).

(Tex. 2001); *Bally Total Fitness Corp. v. Jackson*, 53 S.W.3d 352, 352 (Tex. 2001). Texas Civil Practice & Remedies Code Section 51.014(a)(4) is one such expressly authorized exception. This Section permits an appeal from an interlocutory order that grants a temporary injunction. *See* Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a)(4).

However, temporary orders—including injunctions—rendered under Family Code Section 105.001 are not subject to an interlocutory appeal. *See* Tex. Fam. Code Ann. § 105.001(e). "Texas courts of appeals have held that the specific Family Code provision limiting temporary order appeals controls over the general statute in the Civil Practice and Remedies Code permitting interlocutory appeals from temporary injunctions." *Mason v. Mason*, 256 S.W.3d 716, 718 (Tex. App.—Houston [14th Dist.] 2008, no pet.); *see In re K.S.*, No. 02-20-00409-CV, 2021 WL 126596, at *1 (Tex. App.—Fort Worth Jan. 14, 2021, no pet.) (mem. op.) (dismissing for lack of jurisdiction an interlocutory appeal from an order modifying prior temporary orders in a SAPCR suit).

Section 105.001 of the Family Code is entitled "Temporary Orders Before Final Order" and authorizes the trial court "[i]n a suit" to enter a temporary order for the safety and welfare of the children—including an order prohibiting a person from removing the child beyond a geographical area identified by the court or restraining a party from disturbing the peace of the child or another party. *See* Tex. Fam. Code Ann. § 105.001(a)(3), (a)(4). Where children will live is a matter that concerns the welfare of the children. *Cobb v. Musslewhite*, 728 S.W.2d 118, 120 (Tex. App.—Tyler

1987, no writ). And although Section 105.001 is captioned as "Temporary Orders Before Final Order," a trial court has authority under this Section to enter a post-judgment temporary order affecting the children's safety and welfare. *In re N.M.B.*, No. 14-17-00317-CV, 2018 WL 4427404, at *3 (Tex. App.—Houston [14th Dist.] Sept. 18, 2018, no pet.) (mem. op.); *see Pina v. Shaw*, No. 01-03-00088-CV, 2004 WL 306096, at *2 (Tex. App.—Houston [1st Dist.] Feb. 19, 2004, no pet.) (mem. op.); *Morse v. Baker-Olsen*, 929 S.W.2d 659, 661–62 (Tex. App.—Houston [14th Dist.] 1996, no writ) (explaining that if this Section does not apply after the entry of a final decree of divorce or other final order, the trial court would have no authority to enter a post-judgment temporary order affecting a child's safety and welfare).

While Section 105.001 injunctions are limited to suits, Family Code Section 101.031 defines "suit" to mean any legal action under Title 5 of the Family Code, including an action to enforce a final decree entered under Title 5. *See* Tex. Fam. Code Ann. § 157.001 (allowing party to enforce temporary or final orders); *In re Rigg*, No. 05-21-00342-CV, 2022 WL 908951, *7 (Tex. App.—Dallas 2022, no pet.) (mem. op.) (holding an action brought to enforce an order that was rendered in a "suit" is also a "suit").

## 2. Analysis

We are tasked with determining the applicable Code governing the appealability of the trial court's injunction. Reeves seeks to invoke Section 51.014(a)(4) of the Civil Practice & Remedies Code as the jurisdictional basis for his interlocutory appeal,

while Gregory contends that the temporary injunction was granted under Section 105.001(a)(4) of the Family Code and that we lack jurisdiction. As we will see, the temporary injunction is a temporary order that was issued pursuant to Family Code Section 105.001.

We first look at Gregory's filings. Gregory filed, in the same trial court that signed the Decree, a "petition to enforce and application for temporary restraining order and temporary injunction." The content of his petition stresses the irreparable harm that his children will suffer if their residence is sold, and he sought relief in the form of specific performance of the Decree: enforcement of the geographic restriction that requires his children to reside in the Residence. Thus, his "suit" is a petition to enforce the Decree entered under Title 5. *See* Tex. Fam. Code Ann. § 157.001; *see also In re Rigg*, 2022 WL 908951, *7.

We next review the nature of the trial court's orders. Unlike Rules of Civil Procedure 683 and 684—which require a bond amount to be fixed and a date set for trial on the merits—Family Code Subsections 105.001(b)(3) and (d) provide that the trial court may dispense with the necessity of a bond and need not include an order setting the cause for trial on the merits. *See* Tex. Fam. Code Ann. § 105.001(b)(3), (d).

Here, the trial court struck through two paragraphs on the restraining order that would have required Gregory to post a bond pursuant to Rule of Civil Procedure 684. The temporary restraining order likewise mirrors this behavior, as the trial court left blank the space that provided for the bond amount and the date set for

9

trial on the merits. If the temporary injunction was not entered under the Family Code—and thus was appealable under Civil Practice & Remedies Code 51.014(a)(4)—it would have been required to comply with Rules 680, 683, and 684. *See* Tex. R. Civ. P. 680, 683, 684.

The hearing on the temporary injunction further confirms that the trial court's injunction was pursuant to the Family Code. It is apparent from the trial court's remarks and questioning of Reeves's attorney that it was concerned about the welfare of the children and wanted to ensure that they had "a home to live in."

Finally, the language contained in the temporary injunction stems from the Family Code. The trial court reasoned that without the temporary injunction, the children would lose their primary residence designated by the Decree, their lives would be uprooted, and they would potentially have no suitable place to live. As we earlier discussed, Gregory's petition to enforce the Decree was a suit under Title 5 of the Family Code, and thus, the trial court was authorized to enter a temporary order for the safety and welfare of the children. *See id.* § 105.001.

Considering the nature of the petition and the contents of the trial court's orders, we conclude that the temporary injunction was granted pursuant to Family Code Section 105.001. Because this temporary order was rendered under Section 105.001 of the Family Code, it is not subject to an interlocutory appeal. *See id.* § 105.001(e). Accordingly, we hold that we lack jurisdiction to consider the appeal. *In re K.S.*, 2021 WL 126596, at *1.

## IV.  CONCLUSION

Having held that we have no jurisdiction over the appeal, we dismiss it for want of jurisdiction.  Tex. R. App. P. 42.3(a), 43.2(f).

/s/ Brian Walker

Brian Walker
Justice

Delivered:  June 26, 2025

11