Bob DeLEE, Appellant,

v.

ALLIED FINANCE COMPANY OF DALLAS, Appellee.

No. 16797.

Court of Civil Appeals of Texas.

Dallas.

Oct. 21, 1966.

Rehearing Denied Nov. 10, 1966.

**246**

Henry Klepak and William B. Pasley, Dallas, for appellant.

Locke, Purnell, Boren, Laney & Neely and John D. Crawford and J. L. Shook, Dallas, for appellee.

CLAUDE WILLIAMS, Justice.

This appeal is from a consent judgment, as follows:

### "FINAL JUDGMENT

"On this day came on regularly to be heard the above entitled and numbered cause and came the plaintiff, Allied Finance Company of Dallas, by its attorneys and announced ready for trial; and came the defendant Bob DeLee, in person and by his attorneys, in open court and all parties announced to the court that a compromise and settlement of all matters between the parties, including additional matters not heretofore alleged, to-wit, a Note and Chattel Mortgage, dated October 8, 1964 in the principal amount of $14,099.22 secured by the hereinafter listed personal property, said settlement and compromise being that plaintiff recover judgment against the defendant for the sum of $16,278.89, principal, interest and attorneys' fees and that the plaintiff is entitled to judgment therefor, together with interest from this date until paid at the rate of 10% per annum and all costs of this suit, and is entitled to the establishment and foreclosure of its chattel mortgage lien and certificate of title lien as it existed on the date of said October 8, 1964 note, contract and chattel mortgage and the application for certificate of title; and it appearing that the defendant consents and agrees to this judgment and agrees that the pleadings support this judgment and further agrees that he will not appeal same;

IT IS, THEREFORE, ORDERED, ADJUDGED AND DECREED by the court that plaintiff, Allied Finance Company of Dallas, a corporation, do have and recover of and from the defendant, Bob DeLee, the sum of $16,278.89, together with interest at the rate of 10% per annum from this date until paid, and all costs of this suit; and the chattel mortgage and possessory certificate of title lien (on title No. 22971906) on the follow-

ing property is established and foreclosed, to-wit:"

(Here follows a description of personal property and details of order of sale.)

"SIGNED and ENTERED this 5 day of January, 1966.

"/s/ Owen Giles
                                    JUDGE

"AGREED TO AS TO FORM, SUBSTANCE AND ENTRY:

"By /s/ Roy J. True
Henry Klepak, Attorney for Bob DeLee

" /s/ Bob DeLee
        Bob DeLee, Defendant

"LOCKE,     PURNELL,     BOREN, LANEY & NEELY

"BY: /s/ John D. Crawford,
        John D. Crawford, Attorney for
        Allied Finance Company of Dallas"

Appellant seeks to attack this judgment in two points of error wherein he alleges (1) that the trial court erred in rendering the consent judgment against appellant without a settlement agreement being reduced to writing or entered of record in open court, as required by Rule 11, Vernon's Texas Rules of Civil Procedure, to thereby evidence the present consent of the appellant; and (2) that the court erred in rendering judgment against appellant in an amount in excess of the pleadings. We find no merit in either of these points and overrule same.

■ While appellant's points are preserved in an unverified motion for new trial, we find no statement of facts in this record which would reveal testimony introduced in support of the motion for new trial. Accordingly, the judgment, above recited, stands unchallenged and each finding recited therein is presumed to be true.

■ A casual reference to the judgment clearly demonstrates that it is sufficient to meet every requirement of Rule 11, T.R.C.P., relied upon by appellant. The recitations contained in the judgment are clear and explicit and the same was made in open court and agreed to by not only the attorneys but by the appellant himself. Thus we find appellant complaining of that to which he has agreed. This, he cannot do in the absence of allegation and proof of fraud, collusion, or some similar reason. As early as 1853 the Supreme Court of Texas had occasion, speaking through Chief Justice Hemphill, to classically announce the rule in such cases as follows:

"* * * appellants are at once confronted with the general principle that consent takes away error, and that a judgment by agreement or compromise cannot be impeached, unless for fraud, collusion, or like causes, none of which appear in this record or are alleged or assigned. [Citing authorities.] The appellants are concluded by their own consent, and their appeal cannot be sustained." Dunman v. Hartwell, 9 Tex. 495, 60 Am.Dec. 176.

■ The rule, more recently stated, is expressed in 3 Tex.Jur.2d, § 213, p. 479, as follows:

"A stipulation by the parties to an action as to the nature and terms of the judgment to be entered constitutes a waiver of all nonjurisdictional errors committed by the court prior to the agreement and judgment and justifies its affirmance, if the agreement is based on a valid consideration and was not obtained by fraud, collusion, or the like."

■ The rationale of such rule is that a party will not be allowed to complain on appeal of an action or ruling which he invited or induced. Having consented to the action of the court in entering judgment he thereby waives all errors committed or contained in the judgment, thus leaving nothing which could properly be considered by an appellate court, except want of jurisdiction. Posey v. Plains Pipe Line Co., Tex.Civ.App.,

39 S.W.2d 1100; Blume v. Shadyacres Inv. Co., Tex.Civ.App., 83 S.W.2d 1026; Hall v. McKee, Tex.Civ.App., 179 S.W.2d 590; 69 A.L.R.2d 767 et seq.

■ Moreover, the final judgment executed by appellant and his attorneys of record was contractual in nature and is governed by the laws relating to contracts. Appellant has alleged no valid basis for vacating his contract reduced to judgment. Therefore, appellant cannot now be heard to complain that the agreement and judgment be set aside. Plumly v. Plumly, Tex.Civ.App., 210 S.W.2d 177; Alexander v. Alexander, Tex.Civ.App., 373 S.W.2d 800; Rawlins v. Stahl, Tex.Civ.App., 329 S.W.2d 308; 33 Tex.Jur.2d, §§ 105, 107, pp. 623, 626.

The judgment of the trial court is

Affirmed.