OPINION
LEVY, Justice.
This is an appeal from a temporary injunction resulting from a motion to modify a parent/child relationship established pursuant to a decree of divorce granted November 22, 1979, between George Ayala, appellant, and Shelly (Ayala) Minniti, appel-lee.
On January 20, 1986, Mr. Ayala filed a motion to modify his visitation periods as possessory conservator of his minor daughter. He also sought to decrease the $200 per month child support payments previously ordered in the divorce decree. In response, on February 10, Ms. Minniti filed a cross-motion to modify the parent/child relationship, requesting a lump sum increase in support payments, and a tempo *454 rary restraining order enjoining Ayala from disposing of any and all proceeds, settlement awards, money judgments, or other funds derived from Ayala’s personal injury cause of action, styled, “JORGE AYALA v. HI-RANGER, INC., ET AL.,” Cause No. C-3527-84-E, pending in the 275th Judicial District Court of Hidalgo County, Texas.
Ms. Minniti also requested that the court make any temporary orders or issue any appropriate temporary injunction respecting Ayala’s property as necessary for the preservation of all (or a portion) of any proceeds for the payment of past due child support owed by Ayala, for an increase in child support, and payments of same in a lump sum, and for payment of court costs.[1]
On February 20, the court held a hearing on appellee’s motion for temporary orders and a temporary restraining order.
At that hearing, appellant’s counsel, Mr. Bruce Wettman, interrupted the direct examination of Ms. Minniti and offered to “stipulate to an injunction against Mr. Ayala or his agents from disposing of any money that would come in the future that would be concerned at all with a lump sum payment or any other payment.”
Ms. Minniti’s attorney asked for the entire injunction requested in the cross-motion to modify and also requested that it be extended to Wettman and his associate, Mr. Brian L. Jensen, who represented appellant in the personal injury cause of action.
Wettman agreed, and the court entered a temporary order restraining Ayala and his attorneys from disposing of any funds received as settlement in the pending lawsuit, and ordering the attorneys to hold the funds in trust pending final disposition of this action.
In two points of error, appellant contends that the court erred in granting the agreed temporary orders because: (1) no bond was posted for the temporary injunction as required under Tex.R.Civ.P. 684; and (2) the orders failed to provide any reason in support of the issuance of the temporary injunction as required under Tex.R.Civ.P. 683. Section 11.11 of the Texas Family Code Ann. (Vernon Pamphlet 1986) authorizes the trial court, in a suit affecting the parent/child relationship, to make “any temporary order for the safety and welfare of the child ...” including the temporary support of the child.
Temporary restraining orders and injunctions are specifically allowed under section 11.11(b) of the Family Code without the necessity of certain pleadings ordinarily required for such orders in non-Family Code proceedings. See Ouerner v. Ouerner, 668 S.W.2d 801, 803 (Tex.App.-San Antonio 1984, writ ref’d n.r.e.). Under section 11.11(d), the court may even dispense with the necessity of a bond in connection with temporary orders in behalf of the child.
Though temporary orders are not generally subject to interlocutory appeal, temporary orders which grant injunctive relief are appealable. See Craft v. Craft, 579 S.W.2d 506, 511 (Tex.Civ.App.-Dallas 1979) writ ref'd, per curiam, 580 S.W.2d 814 (Tex.1979). The temporary order entered in this case would accordingly be treated as appealable. See Tex. Civ. Prac. & Rem. Code, sec. 51.014 (Vernon’s Pamplet 1986).
We do not, however, reach the merits of appellant’s contentions because the record reflects that appellant agreed and stipulated to the temporary injunction issued by the court. At the motion for temporary orders, the following discourse occurred:
MR. WETTMAN: Excuse me. Perhaps I can cut some bait here at this point. We would be willing to stipulate to an injunction against Mr. Ayala or his *455 agents from disposing of any money that would come in the future that would be concerned at all with a lump sum payment or any other payment.
MS. STAPLES: Your Honor, I am asking for this entire injunction at the bottom of page 2 of the cross-action; and if that can be extended to the two attorneys that represent Mr. Ayala, we are going to ask for that because of circumstances in this case.
MR. WETTMAN: We have no objection.
MS. STAPLES: He’s also represented by Mr. Brian Jensen in the personal injury.
THE COURT: Do you have any problem with that?
MS. STAPLES: No, Your Honor.
THE COURT: Why don’t we get this order and enter an agreed injunction.
* * * * * *
MS. STAPLES: Your Honor, let me say this: Nothing has been offered to us to protect these funds. We are seriously concerned. I have a person here—
THE COURT: Well, you are speaking of these funds, and there are no funds. All you are talking about is a pending lawsuit.
MS. STAPLES: Yes, sir.
THE COURT: I am willing to give you an injunction to enjoin them disposing of any of it. That will include the lawyers, Mr. Ayala, and I think that’s about the best you are going to get out of this. MS. STAPLES: Judge, will the two attorneys be restrained from turning over any of the funds at all to Mr. Ayala until we have a final disposition of this cause? Will you stipulate to that, Mr. Wettman?
MR. WETTMAN: That’s what I offered to stipulate to.
MS. STAPLES: Your Honor, we would ask the funds be kept in the attorney’s trust accounts.
THE COURT: Any problem with that? MR. WETTMAN: No, sir.
THE COURT: Until final disposition of this cause. All right, do both sides agree to this? Are you agreeable to this? MRS. MINNITI: Yes.
THE COURT: Then we can all go home. You write the order.
MS. STAPLES: Yes sir. Will you notice [sic] on the docket sheet no funds will be released to the attorneys or to Mr. George Ayala?
THE COURT: No funds are to be released. None are to be expended from any recovery received in the lawsuit styled George Ayala versus High Ranger, Inc., in the 275th Judicial District Court of the Hidalgo County, Cause No. C3527-84-E, and George Ayala and the attorneys are enjoined against expending any funds from those monies received in that suit until this matter has been settled.
The agreed temporary order provided in relevant part as follows:
After the commencement of trial, the parties by and through their attorneys of record entered into stipulation of the following injunctions and orders and it is therefore ordered, adjudged and decreed that:
Movant/Cross-Respondent, George Ayala, and his attorney of record in this cause, Bruce W. Wettman, and George Ayala’s attorney of record in Cause No. C-3527-84-E in the 275th Judicial District of Hidalgo County, Texas, Brian L. Jensen, are all ordered, restrained and enjoined pending further orders of this Court, from:
Removing, concealing, spending, encumbering, transferring, assigning (Except to Cross-Movant), disposing of or otherwise harming, reducing the value of or alienating any and all proceeds, settlement awards, money judgments or other funds derived from Cross-Respondent’s (George Ayala’s) cause of action for personal injury, styled and numbered, “Jorge Ayala vs. Hi-Ranger, Inc., et al., 275th Judicial District Court of Hidalgo County, Texas, Cause No. C-3527-84-E.”
This temporary injunction is effective immediately and shall continue in full force and effect until further order of this Court or until it expires by operation of law. This order shall be binding on *456 respondent, on respondent’s attorneys, agents, servants and employees, and on those persons in active concern [sic] or participation with them who receive notice of this order by personal service or otherwise.
Bruce W. Wettman, attorney for George Ayala in this cause, and Brian L. Jensen, attorney at law, are further ordered to deposit the total amount of any and all proceeds, recovery, settlement awards, money judgments or other funds derived from Cause No. C-3527-84-E, now pending in the 275th Judicial District of Hidalgo County, Texas into the trust account of either said attorneys, and Bruce W. Wettman and Brian L. Jensen, are further ordered, restrained and enjoined from releasing, disbursing, expending any of the proceeds from said personal injury suit for any reason, pending final disposition by this Court in Cause No. 79K1714, 300th Judicial District Court of Brazoria County, Texas.
The record reflects that no objection was made to the agreed temporary injunction rendered by the court until the hearing on the motion to sign and enter the agreed temporary orders which occurred on March 13. At that hearing, Wettman’s brother, also an attorney, and Jensen challenged the propriety of the relief granted in the injunction. The trial court ruled that because appellant agreed to hold the money when and if it was recovered, the injunction would issue as agreed to by the parties.
As cited in Alexander v. Alexander, 373 S.W.2d 800, 805 (Tex.Civ.App.-Corpus Christi 1963, no writ), Texas cases have long held that:
A stipulation by the parties to an action as to the nature and terms of the judgment to be entered constitutes a waiver of all nonjurisdictional errors committed by the court prior to the agreement and judgment and justifies its affirmance, if the agreement is based on a valid consideration and was not obtained by fraud, collusion, or the like.
See, e.g., Hosey v. First National Bank of Goliad, 595 S.W.2d 629 (Tex.Civ.App.-Corpus Christi 1980, writ dism’d).
The rationale for this rule is that a party should not be allowed, but rather be es-topped, to complain on appeal of an action or ruling which he invited, agreed to, or induced. Delee v. Allied Finance Co. of Dallas, 408 S.W.2d 245, 247 (Tex.Civ.App.-Dallas 1966, no writ). By consenting to the action of the court in entering judgment, a party “waives all errors committed or contained in the judgment, thus leaving nothing which could properly be considered by an appellate court, except want of jurisdiction.” Id. at 247.
A judgment based upon an agreement of attorneys cannot be rendered by a court when one of the parties fails to consent. See Quintero v. Jim Walter Homes, Inc., 654 S.W.2d 442, 444 (Tex.1983). The power to render an agreed judgment depends upon the actuality of consent at the time judgment is rendered: a party has the right to revoke his consent at any time before, but only before, judgment is rendered. Id. See also Burnaman v. Heaton, 150 Tex. 333, 240 S.W.2d 288 (1951). A judgment is rendered when the decision is officially announced, either orally in open court or by a memorandum filed with the clerk. See Comet Aluminum Co. v. Dibrell, 450 S.W.2d 56, 59 (Tex.1970); Trevathan v. Akins, 712 S.W.2d 559 (Tex.App.-Houston [1st Dist.] 1986, no writ).
Thus, in Samples Exterminators v. Samples, 640 S.W.2d 873 (Tex.1982), the Supreme Court upheld an injunction which was granted by the trial court based upon the parties’ consent in open court to entry of the judgment. Id. at 875. The Court held that a judgment was in fact rendered “whenever the trial judge officially announces his decision in open court ... in his official capacity for his official guidance whether orally or by written memorandum ...” Id. at 875. In Samples, the judgment was orally rendered after the parties voiced their approval of the settlement dictated in open court. The court conferred with the parties to confirm that the settle *457 ment was agreeable with them, and then made the following statement:
It appearing to the court that all of you did agree in open court to this settlement, the court approves the settlement made in open court and orders all parties to sign any and all papers necessary to carry out this agreement and to carry out the agreement that was made and dictated into the record.
Id. at 874.
Similarly, the order in the instant case was rendered after the parties voiced their consent to an injunction temporarily enjoining Ayala and his attorneys from expending any proceeds received from his pending lawsuit, and after the trial judge conferred with the parties and orally announced his holding into the record. We see no reason to depart from the aforestated rules merely because the order appealed from is temporary, and conclude that the foregoing es-toppel principles are applicable equally to agreed temporary orders as to judgments. Therefore, the appellant may not now complain of errors committed or contained in the order, other than want of jurisdiction. See Delee v. Allied Finance Co., 408 S.W.2d at 247.
In the present case, the appellant makes no allegation that fraud or coercion was used to obtain his agreement to the terms of the injunction to which he voluntarily offered to stipulate. Under section 11.11(d) of the Family Code, the absence of a bond is discretionary with the trial court, and therefore is not a jurisdictional matter.
Thus, under Tex.R.Civ.P. 683, the order granting the injunction is binding upon the “parties to this action, their officers, agents, servants, employees, and attorneys, and upon those persons in active concert or participation with them who receive actual notice of the order by personal service or otherwise.” We overrule appellant’s two grounds of error.
The order of the trial court is affirmed.

. In her cross-motion, Ms. Minniti alleged that Ayala had failed to make numerous child support payments as ordered by the court, and that on September 24, 1985, an order adjudicating contempt for nonpayment of child support was entered, finding that the appellant was $9,735 in arrears. Ms. Minniti further alleged that the contempt order ordered Ayala to pay $75/week in child support with such payment first to be applied to regular support, and the balance applied to the arrearage. The remaining unpaid balance of arrearage was to be paid at the time of settlement of his pending lawsuit in the 275th Judicial District Court of Hidalgo County.