Opinion issued February 7, 2008











In The

Court of Appeals

For The

First District of Texas






NO. 01-07-01069-CV






A&B BOLT & SUPPLY, INC. A/K/A A&B VALVE AND PIPING
SYSTEMS; A&B GP, L.L.C.; A&B VALVE AND PIPING SYSTEMS, L.P.
A/K/A A&B VALVE AND PIPING SYSTEMS; CONNIE DOBSON; TARA
KOLAR; DON LEE; LINDA URBANEK; AND MARTIN WILLMORE,
Appellants


V.


NATIONAL OIL WELL VARCO, L.P., Appellee






On Appeal from the 113th District Court

Harris County, Texas

Trial Court Cause No. 2006-79749






MEMORANDUM OPINION

 This is an interlocutory appeal from the trial court's December 11, 2007 order
granting additional injunctive relief and January 7, 2008 amended order granting
additional injunctive relief. See Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a)(4)
(Vernon Supp. 2007); Tex. R. App. P. 29.5, 29.6 (trial court may make, and appellate
court may review, further order while appeal of interlocutory order is pending). The
trial on the permanent injunction is preferentially set for March 31, 2008.

 The underlying dispute is whether appellants (1) have obtained and used
confidential information belonging to appellee National Oil Well Varco, L.P. as a
result of appellants hiring former employees from National Oil. After National Oil
filed suit, the parties agreed to a temporary injunction, which the trial court signed on
April 16, 2007. The temporary injunction prohibited appellants from using specified
confidential information belonging to National Oil until trial on the merits, and the
parties waived their right to seek appellate review of the agreed temporary injunction.

 On October 5, 2007, National Oil filed a "motion to enforce the injunction and
for additional injunctive relief" in which it alleged that appellant A&B Valve and
Piping Systems, L.P. ("A&B Valve ") violated the agreed temporary injunction by
using the confidential information. The trial court held a four-day evidentiary hearing
and found that A&B Valve violated the agreed temporary injunction. On
December 11, 2007, the court signed an "order granting plaintiff's motion to enforce
the injunction and for additional injunctive relief" that specifically named only A&B
Valve as an enjoined party. On January 7, 2008, the trial court signed an "amended
order granting plaintiff's motion to enforce the injunction and for additional
injunctive relief." Once again, A&B Valve was the only party that was specifically
enjoined. All eight defendants filed a notice of appeal.

 Appellants bring 10 issues on appeal, in which they treat the December 11,
2007 and January 7, 2008 orders as a separate temporary injunction from the April 16,
2007, agreed temporary injunction. We hold that the December 11, 2007 and January
7, 2008 orders constitute a separate temporary injunction, that only A&B Valve has
standing to appeal, and that the December 11, 2007 and January 7, 2008 orders are
voidable. We reverse the interlocutory orders, and we dismiss the remaining
appellants for lack of standing.

Discussion


Jurisdiction

 National Oil argues that the December 11, 2007 and January 7, 2008 orders are
not a separate temporary injunction, but are instead orders enforcing the April 16,
2007 agreed temporary injunction. National Oil also points out that the parties
waived their right to an interlocutory appeal as a part of the April 16, 2007 agreed
temporary injunction.

 Disobedience of an injunction is punishable by contempt. Tex. R. Civ. P. 692. 
The trial court did not explicitly frame the relief granted in the December 11, 2007
and January 7, 2008 orders as contempt, but instead "amended" the April 16, 2007
agreed temporary injunction by explicitly adding additional injunctive relief. The
trial court found that the "only effective means of enforcing the Agreed Temporary
Injunction and of preventing A&B Valve and Piping Systems, L.P., from enjoying the
benefits of its past violations of that injunction is to prohibit it from conducting any
further business with the specific customers of National Oilwell Varco."

 The new injunctive relief goes further than the conduct prohibited by the
April 16, 2007 agreed temporary injunction. The agreed temporary injunction
prohibited defendants in part from disclosing confidential information "in an effort
to contact, market to, solicit, or otherwise establish or maintain any business
relationship" with any customer serviced by National Oil. The December 11, 2007
and January 7, 2008 orders state in part that A&B Valve shall not "solicit the business
of, or accept any new business from, any customer on the 'Sold-To list.'" The effect
of the December 11, 2007 and January 7, 2008 orders is to prohibit A&B Valve from
any business with the customers on the list, rather than prohibit the use of
confidential information regarding those customers.

 Looking to the character and substance of the orders, we hold that the
December 11, 2007 and January 7, 2008 orders were a new temporary injunction. See
Qwest Commc'ns Corp. v. AT & T Corp., 24 S.W.3d 334, 336 (Tex. 2000). 
Accordingly, we have jurisdiction over the December 11, 2007 order as modified on
January 7, 2008, and the parties' original agreement to waive their right to an
interlocutory appeal does not apply to this new temporary injunction. See Ahmed v.
Shimi Ventures, L.P., 99 S.W.3d 682, 688--Houston [1st Dist.] 2003, no pet.)
(discussing jurisdiction over trial court's further interlocutory order concerning same
subject matter).

 Although no party to the appeal has raised the issue, we note that the trial court
did not specifically enjoin appellants A&B Bolt & Supply, Inc. a/k/a A&B Valve and
Piping Systems; A&B GP, L.L.C.; Connie Dobson; Tara Kolar; Don Lee; Linda
Urbanek; and Martin Willmore in the December 11, 2007 and January 7, 2008 orders. 
These seven appellants have not demonstrated that they have a justiciable interest in
the December 11, 2007 and January 7, 2008 orders. Accordingly, we dismiss them
from this interlocutory appeal for lack of standing. See Tex. Ass'n of Bus. v. Tex. Air
Control Bd., 852 S.W.2d 440, 445 (Tex. 1993) (holding that standing is component
of subject-matter jurisdiction, that standing cannot be waived, and that standing can
be raised for first time on appeal).

Requirements of a temporary injunction

 A temporary injunction's purpose is to preserve the status quo of the
litigation's subject matter pending trial. Butnaru v. Ford Motor Co., 84 S.W.3d 198,
204 (Tex. 2002). To obtain a temporary injunction, the applicant must plead and
prove three specific elements: (1) a cause of action against the defendant; (2) a
probable right to the relief sought; and (3) a probable, imminent, and irreparable
injury in the interim. Id. The temporary injunction order itself must strictly comply
with all the procedural requirements of Texas Rule of Civil Procedure 683 or the
order is voidable by the appellate court. See Qwest, 24 S.W.3d at 337.

 In issue 10, A&B Valve contends in part that the December 11, 2007 order as
modified on January 7, 2008 does not comply with Rule 683 because it does not state
reasons why National Oil will be irreparably harmed if the new temporary injunctive
relief is granted. The supreme court has interpreted Rule 683 to require that a trial
court state in its order the reasons why the movant will suffer irreparable injury unless
the temporary injunctive relief is granted. State v. Cook United, Inc., 464 S.W.2d
105, 106 (Tex. 1971). Here, the order does not discuss irreparable injury.

 National Oil contends A&B Valve waived the necessity to prove irreparable
injury by agreeing to the April 16, 2007 agreed temporary injunction. See Ayala v.
Minniti, 714 S.W.2d 452, 456 (Tex. App.--Houston [1st Dist.] 1986, no writ). A&B
Valve, however, is not contesting the April 16, 2007 agreed temporary injunction
order, but is appealing the additional injunctive relief granted in the December 11,
2007 and January 7, 2008 orders.

 We sustain the portion of issue 10 that attacks the absence in the December 11,
2007 and January 7, 2008 orders of reasons why National Oil will be irreparably
harmed if the new temporary injunctive relief is granted. Because the orders do not
comply with all the procedural requirements of Texas Rule of Civil Procedure 683
and A&B Valve has challenged the orders, the orders are voidable. Accordingly, we
do not reach the remainder of A&B Valve's issues. We do not speculate whether the
trial court, after following the required procedure, could properly grant additional
injunctive relief, nor do we comment on the merits of the underlying dispute.Conclusion

 We dismiss appellants A&B Bolt & Supply, Inc. a/k/a A&B Valve and Piping
Systems; A&B GP, L.L.C.; Connie Dobson; Tara Kolar; Don Lee; Linda Urbanek;
and Martin Willmore for lack of standing. We reverse the December 11, 2007 and
January 7, 2008 orders and dissolve the void temporary injunction against appellant
A&B Valve and Piping Systems, L.P. created by those orders. The trial court's April
16, 2007 agreed temporary injunction order remains in effect. The Clerk of this Court
is directed to issue the mandate immediately. See Tex. R. App. P. 18.6.



 Sam Nuchia

 Justice


Panel consists of Justices Nuchia, Hanks, and Higley.
1. The underlying eight defendants/appellants are A&B Bolt & Supply,
Inc. a/k/a A&B Valve and Piping Systems; A&B GP, L.L.C.; A&B
Valve and Piping Systems, L.P. a/k/a A&B Valve and Piping Systems;
Connie Dobson; Tara Kolar; Don Lee; Linda Urbanek; and Martin
Willmore.