# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
August 6, 2024

Lyle W. Cayce
Clerk

No. 22-40551

———————————

Thomas E. Rhone, *Individually*, *doing business as* Rhone Investments,

*Plaintiff—Appellant*,

*versus*

City of Texas City, Texas,

*Defendant—Appellee*.

———————————————————————

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 3:21-CV-74

———————————————————————

Before Smith, Southwick, and Higginson, *Circuit Judges*.

Leslie H. Southwick, *Circuit Judge*:

On February 14, 2024, we entered a limited remand ordering the district court to "conduct an evidentiary hearing on the City Attorney's role in finalizing the Municipal Court's order of abatement" and the effect of his role on the validity of that order. *Rhone v. City of Texas City*, 93 F.4th 762, 773 (5th Cir. 2024). The district court conducted the hearing. Now before us are the district court's findings from its evidentiary hearing and the parties' briefings regarding the effect of the district court's order on this appeal.

No. 22-40551

On remand, the district court ordered the parties to submit briefings prior to the hearing. Texas City's brief argued that "[t]he misunderstanding here is two-fold" because "the City Attorney, Kyle Dickson, did not represent the City in the municipal court proceedings," and "the City Attorney's approval of the [Municipal] [J]udge's order was a waiver of its right to appeal the order, not permission to execute it." In response, Rhone argued that our February 14, 2024, opinion required the district court to make a searching inquiry beyond just the single order in question as to whether the Municipal Judge actually has judicial independence.

The evidentiary hearing conducted by the district court sought to discover the effect of the City Attorney's submission of the proposed order of abatement on the Municipal Judge's independence. The district court found that Texas City had appointed the Municipal Judge for a two-year term under statutory authority and re-appointed him several times. *See* Tex. Gov't Code § 30.00006(b). The City also has a contract with the Municipal Judge's law firm that sets out the compensation he is to be paid. *See* § 30.00006(h).

The court further found that the City Attorney had very little participation in the actual Municipal Court abatement hearing. The February 24, 2021, transcript established that prosecutor Robert Barfield tried the case for Texas City. The City Attorney was present, though, and is shown on the hearing transcript as appearing on behalf of Texas City along with Barfield. His only role was to explain the procedural history of the case.

At the end of the abatement hearing, the Municipal Judge agreed to enter an order of abatement and requested that an order be drafted and submitted for him to sign. The City Attorney offered to draft the order and submit it to the court by the next morning. At the end of the order prepared by the City Attorney, after a blank for the Municipal Judge's signature, was

2

the phrase "approved as to form, substance, and entry," and below that, the typed signature of the City Attorney. There was no place for Rhone's attorney to indicate approval of anything. The Municipal Judge signed the order.

In its brief to the district court prior to the hearing, Texas City's counsel explained that the language in the proposed order stating it was "approved as to form, substance, and entry" is "boilerplate language" recognized by Texas courts as relevant to whether a party has retained its right to appeal certain orders. In one cited case, the language in an order stating it was "agreed to as to form, substance and entry" was held to establish the party's waiver of its right to appeal. *DeLee v. Allied Fin. Co. of Dall.*, 408 S.W.2d 245, 247 (Tex. App.—Dallas 1966, no writ) (capitalization omitted). The district court found that Rhone had not objected to the inclusion of this language within the proposed order nor had he "contested . . . the City's position on the language's legal effect."

After conducting the evidentiary hearing and making its factual findings, the district court concluded the Municipal Judge's and City Attorney's actions were proper. The court explained that "many Texas courts have construed language re[garding] approval as to form, substance, and/or entry as being relevant to whether a party has retained its right to appeal." One opinion concluded that the phrase on a final judgment that it was "agreed to as to form, substance and entry," followed by counsel's signature, meant that party "consented to the action of the court in entering judgment." *DeLee*, 408 S.W.2d at 247 (capitalization of first quote omitted). In another opinion, the court held that approval only as to form leaves the right to appeal in place, while approval as to "form and substance standing alone does not transform a judgment into a consent judgment." *Baw v. Baw*, 949 S.W.2d 764, 766–67 (Tex. App.—Dallas 1997, no writ) (quotation marks and citation omitted).

To be clear, the details of how that language affects appellate rights of a party are not the issue here. The question for which we sought the district court's answer was whether the language reflected that the Municipal Judge needed the City Attorney's approval before entering the order. The district court answered by finding that the language "was in no way a grant of permission" for entry of the order. Further, the court determined that a municipal judge in Texas City does not submit proposed orders to the City Attorney for approval before entry. Based on these findings, the district court concluded that "the City Attorney's role in finalizing the Municipal Court's order of abatement in the City's case against Rhone did not invalidate the order of abatement."

With the appeal back in this court, Rhone's letter brief does not address the "[i]nquiry into the actions of the City Attorney in finalizing the judgment of the Municipal Court" because he asserts it "is not controlling." He instead contends the district court "used the wrong analysis" to conclude the Municipal Judge acted independently when he issued the order of abatement. Rhone argues the proper scope of the limited remand was the inception, structure, and system of Texas Municipal Courts in general.

With respect for Rhone and his counsel, these arguments are irrelevant to the directions we gave for the limited remand. The district court was to determine the effect of the City Attorney's signature showing approval of the substance of the order. *Rhone*, 93 F.4th at 773. It was not to reexamine arguments that Texas's system of municipal courts is improper.

We conclude that the language within the order of abatement was a formulaic way of explaining counsel's acceptance of an order. The City Attorney's and Municipal Judge's actions were therefore appropriate under Texas law, and Rhone failed to present arguments to the contrary.
AFFIRMED.